**The STATE of Ohio, Appellee,**

v.

**GREULICH, Appellant.**

[Cite as *State v. Greulich* (1988), 61 Ohio App.3d 22.]

Court of Appeals of Ohio,
Lorain County.

No. 4347.

Decided Dec. 7, 1988.

*Gregory A. White,* prosecuting attorney, for appellee.

*Gerald A. Innes,* for appellant Jacalyn Greulich.

GEORGE, Judge.

The defendant-appellant was indicted on a charge of grand theft for embezzling amounts in excess of $100,000. On June 15, 1987, pursuant to a plea bargain, appellant entered a plea of guilty to the charge. The plea bargain included a condition that appellant agreed "to make $500/month payments until $100,000 is repaid." On August 31, 1987, appellant was sentenced and granted five years' probation on the condition that she make full restitution, which was in excess of $100,000.

On September 14, 1987, the trial court amended the sentencing by a *nunc pro tunc* entry. This entry added, as conditions of probation, that the appellant make restitution before March 1, 1992 and that appellant execute a promissory note payable by August 31, 1992.

Appellant moved to vacate the *nunc pro tunc* entry which motion was denied by the trial court. Appellant's sole issue on appeal is whether the trial court can modify the conditions of probation imposed at the time of sentencing by issuing a *nunc pro tunc* order.

A *nunc pro tunc* order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a *nunc pro tunc* order is limited to memorializing what the trial court actually did at an earlier point in time. *State, ex rel. Phillips, v. Indus. Comm.* (1927), 116 Ohio St. 261, 155 N.E. 798. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. *Jacks v. Adamson* (1897), 56 Ohio St. 397, 47 N.E. 48.

■ A *nunc pro tunc* order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. *Webb v. Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289. That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. See Black's Law Dictionary (5 Ed. 1979) 964. Therefore, a *nunc pro tunc* order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.

In this case, on August 1, 1987, the appellant was sentenced and the trial court stated at that time:

" * * * The Court did, on sentencing, agree with the Prosecutor and the defense attorney that if you would make *restitution in full,* that the Court would grant Conditional Probation.

"So, in this case it will be the judgment of law and sentence of the Court that you be sentenced to the Ohio Reformatory for Women for a period of 2 years. The Court will *suspend the period of incarceration, place you on Probation* to the Lorain County Adult Probation Department *for a period of 5 years.* The Conditional Probation means that you will *make immediate plans to pay not less than $500 a month toward restitution,* that you will continue psychiatric and drug abuse treatment; and that you will pay Court costs within 90 days." (Emphasis added.)

The trial court's sentencing order, entered September 1, 1987, states in pertinent part:

"7. Sentence of imprisonment in the ORW is suspended, the fine and costs are not suspended, and the defendant is placed on probation for 5 year(s) ending 8/31, 1992. Defendant is ordered to serve the first 0 days of his [*sic*] probationary period in the Lorain County Jail.

" * * *

"9. As a specific condition of probation, the defendant is ordered to:
" X      Obey all orders and directions of the Adult Probation Department.
" X      Seek Drug/Alcohol Abuse evaluation/counseling.
" X      Make restitution in the amount of $100,000 plus.
" X      Seek and maintain employment/vocational training.
" X      Continue psychological/psychiatric treatment."

The *nunc pro tunc* order of September 14, 1987 states:

"The Court's entry of September 1, 1987 is hereby amended *nunc pro tunc* to add the following conditions of probation: (1) Defendant shall make full restitution to both the Autumn Aegis Nursing Home and the Utica National Ins. Co., on or before March 1, 1992; (2) within 60 days of this order,

Defendant shall execute promissory notes to the above named victims for the amount due to each said notes to be payable on or before August 31, 1992."

■ Where there is a negotiated plea agreement, the trial court may accept or reject that agreement. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 15 O.O.3d 107, 399 N.E.2d 119, paragraph one of the syllabus. However, once execution of sentence commences, the trial court may not amend the sentence to increase the punishment. See *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 348, 455 N.E.2d 519, 521, citing *Ex Parte Lange* (1873), 85 U.S. (18 Wall.) 163, 21 L.Ed. 872; *United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

■ In the absence of a negotiated plea agreement, the trial court need not consider the granting of probation. A defendant does not have a right to probation and the granting of it is a matter solely and exclusively within the trial court's discretion, subject only to statutory limitations. Further, once a defendant has been sentenced, the trial court may alter that sentence and grant probation for any reason or for no reason. R.C. 2929.51.

■ In granting probation, pursuant to R.C. 2929.51, the trial court may require certain conditions of probation. The trial court need not justify or give reasons for imposing the specific conditions of probation and the defendant's alternative is, of course, to serve the suspended sentence.

■ Here, the trial court describes the *nunc pro tunc* order as an amendment to enlarge the conditions of probation. This order goes beyond supplying those omissions routinely found in *nunc pro tunc* orders. The amendment was not merely clerical, but changed what the court had previously decided. Under the facts here, the *nunc pro tunc* order could have clarified what the trial court had previously ordered; full restitution to be made in the amount of $100,000 within five years with payments of at least $500 a month. This would be consistent with what the trial court had said and done.

This order, however, exceeded the bounds of a proper *nunc pro tunc* order. Therefore, the order of September 14, 1987 was ineffective in its attempt to amend the September 1, 1987 order. The order of September 14, 1987 is vacated and the September 1, 1987, order is reinstated.

*Judgment accordingly.*

MAHONEY, P.J., concurs.

QUILLIN, J., dissents.