The STATE of Ohio, Appellee,

v.

ORTIZ, Appellant.

[Cite as *State v. Ortiz* (1997), 122 Ohio App.3d 487.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–310.

Decided Aug. 29, 1997.

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Craig T. Pearson,* Assistant Prosecuting Attorney, for appellee.

*William A. Garrett,* for appellant.

SHERCK, Judge.

In 1988, appellant, William F. Ortiz, was sentenced to prison for three consecutive eighteen-month terms, following his conviction on multiple counts of forgery. In a separate, unrelated case, appellant received a six-month sentence. When appellant was delivered into the custody of the Ohio Department of

Rehabilitation and Correction, a clerical error occurred. The order of imprisonment on the forgery convictions was filed under the name of another William Ortiz who was also in the prison system. As a result of this error, appellant was released from incarceration at the end of his six-month sentence and moved to Texas.

In 1996, appellant returned to the Midwest, settling in Michigan. Ultimately, he was arrested and brought before the Lucas County Court of Common Pleas. That court overruled his motion to dismiss and ordered him again into the custody of the Ohio Department of Rehabilitation and Correction for the purpose of completing his 1988 sentence.

Appellant now appeals that order, arguing that the trial court lacked jurisdiction to resentence him. Pursuant to Sixth Dist.Loc.App.R. 12(C), we *sua sponte* transfer this matter to our accelerated docket and, hereby, render our decision.

Appellant's entire argument is premised on his assertion that he was "resentenced." He was not. A trial court may not amend or increase punishment once execution of the sentence is commenced. *State v. Greulich* (1988), 61 Ohio App.3d 22, 26, 572 N.E.2d 132, 134–135. This is the "resentencing" that we have prohibited. *In re Zilba* (1996), 110 Ohio App.3d 258, 262–263, 673 N.E.2d 997, 999–1000. Appellant's sentence was in no way amended or increased. The trial court merely returned appellant to the Ohio Department of Rehabilitation and Correction to complete his 1988 sentence, which was inadvertently interrupted.

Nevertheless, we are not unsympathetic toward appellant's plight. His alleged exemplary behavior during his seven-year liberty, coupled with the basic unfairness of the situation, make a strong cry for relief. However, such pleas should be directed to the trial court in a motion for shock probation or to a pardon board or a parole board when the opportunity is presented.

On consideration, appellant's sole assignment of error is found not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK and GLASSER, JJ., concur.