OPINION
Frank J. Furlong, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We affirm.
On April 8, 1999, appellant was indicted on eight counts of sexual battery, a violation of R.C. 2907.03, and on four counts of illegal use of a minor in nudity-oriented material or performance ("illegal use of a minor"), a violation of R.C. 2907.323. On April 7, 2000, appellant pled guilty to four counts of sexual battery and four counts of illegal use of a minor. The trial court accepted appellant's guilty plea, and on April 26, 2000, the court held a sexual predator hearing during appellant's sentencing hearing. The court found appellant to be a sexual predator, which was journalized in an entry filed May 2, 2000. On June 9, 2000, appellant filed an appeal of the court's sexual predator determination and presents the following two assignments of error:
 1. THE TRIAL COURT'S DETERMINATION THAT APPELLANT WAS A SEXUAL PREDATOR IS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
 2. DEFENSE COUNSEL'S ACTIONS AND OMISSIONS AT APPELLANT'S HEARING DEPRIVED HIM OF THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9, 10
AND 16 OF THE OHIO CONSTITUTION.
Before we address appellant's assignments of error, we will first address a motion to dismiss filed by appellee on October 16, 2000. Appellee argues that this court is required to dismiss appellant's appeal pursuant to App.R. 15 because appellant failed to file a timely appeal.
App.R. 4(A) states that "a party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed." The time requirement of App.R. 4(A) is jurisdictional and may not be extended. Ditmars v. Ditmars (1984),16 Ohio App.3d 174, 175; State v. Blunt (Mar. 6, 1997), Franklin App. No. 96APA09-1231, unreported.
In the present case, the trial court filed a judgment entry on May 2, 2000, finding appellant to be a sexual predator. On May 5, 2000, appellant filed an objection to the May 2, 2000 entry, which states in part:
 [Appellant] objects to the Court's finding that he or his counsel stipulated along with the prosecutor to the Court's determination pursuant to ORC 2950 that he is a sexual predator. [Appellant] respectfully requests that the Judgment Entry be corrected to reflect that the determination as to [appellant's] classification per ORC 2950 was determined without a stipulation and or agreement.
The court subsequently released a "Corrected Judgment Entry" on May 12, 2000. The only change between the two entries was the removal of the following sentence: "This characterization [that appellant is a sexual predator] was also stipulated to by both the prosecutor and [appellant]." Appellant's notice of appeal filed June 9, 2000, was from the May 12, 2000 entry.
A review of the trial court's two entries shows that the second entry filed on May 12, 2000, was a nunc pro tunc entry.[1]
 A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. * * *
 A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. * * * Its proper use is limited to what the trial court actually did decide. [State v. Greulich (1988), 61 Ohio App.3d 22, 24-25. (Citations omitted).]
"The general rule is that a nunc pro tunc entry cannot operate to extend the period within which an appeal may be prosecuted especially where the appeal grows out of the original order rather than the nunc pro tunc entry." Lindle v. Inland Lakes Mgt., Inc. (June 4, 1998), Cuyahoga App. No. 72947, unreported, quoting Prudential Ins. Co. of America v.Corporate Circle Ltd. (June 5, 1997), Cuyahoga App. No. 71772, unreported.
While it is true that appellant filed his appeal more than thirty days after the May 2, 2000 entry and that the trial court's nunc pro tunc
entry did not extend the thirty-day period, this court still has jurisdiction to review appellant's appeal. The reason for this is that a sexual predator hearing is a civil proceeding. State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93, unreported. For civil cases, App.R. 4(A) requires the notice of appeal to be filed within thirty days of "service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Civ.R. 58(B) requires the court to endorse on its judgment "a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." "The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B)." Whitehall ex rel. Fennessy v. Bambi Motel, Inc. (1998),131 Ohio App.3d 734, 741.
A review of both judgment entries shows that the court never endorsed upon the entries the required "direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal" pursuant to Civ.R. 58(B). Therefore, the time for filing a notice of appeal "never began to run because the trial court failed to comply with Civ.R. 58(B)." Id. at 741. Even though appellant was aware of the entry as evidenced by his objection filed May 5, 2000, "actual notice * * * is insufficient to begin the running of the time for appeal in the absence of formal notice in compliance with Civ.R. 58(B)." Id.
Accordingly, appellee's motion to dismiss appellant's appeal is overruled.
Appellant argues in his first assignment of error that insufficient evidence was presented to sustain the trial court's determination that he is a sexual predator. Appellant argues that "no signed plea agreement was stipulated by the parties, no copy of the indictment was presented to the court, no pre-sentence investigation was before the court, no witnesses or videotapes were presented to the court or made a part of the record and there was thus, absolutely no evidence from which the court could make this determination."
The presentation of evidence at a sexual predator hearing is not governed by the Rules of Evidence because "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." State v. Kachermeyer (Dec. 21, 1999), Franklin App. No. 99AP-439, unreported, discretionary appeal not allowed (2000), 88 Ohio St.3d 1497, quoting State v. Cook (1998), 83 Ohio St.3d 404, 425, certiorari denied525 U.S. 1182, 119 S.Ct. 1122. Sexual predator hearings are different in that the hearing "is intended to determine the offender's status, not to determine the guilt or innocence of the offender." Id. at 425. A court may rely upon the record when it makes its determination because "R.C.2950.09 does not require the prosecutor to again present evidence that had been previously presented in the same case." Kachermeyer. One of the reasons for the distinctive nature of a sexual predator hearing as opposed to a criminal or civil trial was explained by another appellate court:
 * * * We are well aware of the potential stress and strain that could be inflicted on a young child by requiring him or her to come back into a courtroom and recount (for the second time) all the circumstances surrounding his or her sexual assault. If there is sufficient evidence in the record to render a determination as to one's sexual offender status, then the prosecution should have discretion to rely on that evidence. The trial court should have similar discretion to accept that evidence, rather than holding additional hearings simply to facilitate reintroduction of the same material. * * * [State v. Mollohan (Aug. 19, 1999), Washington App. No. 98-CA-13, unreported, discretionary appeal not allowed (2000), 90 Ohio St.3d 1440.]
A trial court may rely upon an offender's indictment, guilty plea, sentencing entry, and parole board hearing file when determining whether a person is a sexual predator. State v. Dillbeck (Dec. 14, 1999), Franklin App. No. 99AP-399, unreported.
In the present case, the record contains appellant's plea of guilty to four counts of sexual battery and four counts of illegal use of a minor. The transcript of the sexual predator hearing shows that the prosecutor read into the record, without any objections from appellant, the details of appellant's crimes that had been previously presented to the court.
Additionally, R.C. 2950.09(B)(1) allows the offender to have "an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." A review of the hearing transcript shows that appellant's counsel did not refute the evidence presented by the prosecution, but instead simply asked for "the mercy of the court as to these matters" and that the court "consider the statutory considerations and do the appropriate balancing test in making its determination." Therefore, we find that the facts presented during appellant's sexual predator hearing were properly before the court and could be considered by the court when it determined appellant's status as a sexual offender.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. [R.C. 2950.09(B)(2)(a) thorugh (j).]
An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Keffe (Sept. 21, 2000), Franklin App. No. 00AP-118, unreported.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. [State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported, following Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.]
A review of the record shows that appellant pled guilty to four counts of sexual battery, which is a violation of R.C. 2907.03. Sexual battery is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1). Appellant also pled guilty to illegal use of a minor, a violation of R.C.2907.323. Although not stated in the judgment entry, a review of the facts shows that appellant was found guilty of photographing a minor in a state of nudity, which is a violation of R.C. 2907.323(A)(1). A violation of R.C. 2907.323(A)(1) is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(2)(d).
The record also shows that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. Appellant was convicted of eight separate offenses that are considered "sexually oriented offenses" pursuant to R.C. 2950.01. Appellant's sexual battery convictions were based upon appellant undressing his girlfriend without her consent. Appellant inserted various objects in her vagina and rectum including a shot glass, candles, a plastic cup, and his fingers. Appellant videotaped his actions. The prosecutor stated that the videotape showed that the victim "remained motionless as if she were asleep or passed out or unconscious." The videotape also showed appellant masturbating while sexually assaulting the victim. The prosecutor also stated that the reason why the victim was unaware of appellant's actions was "due to her employment * * * as a dancer and she comes home after work and she falls asleep and/or either passes out or she sleeps very heavily." The victim became aware of the videotape after she awakened during one of the occurrences and saw that appellant was taping her. The victim contacted the police after she viewed the videotape.
Appellant's four illegal use of a minor convictions were based upon appellant videotaping three teenage girls under the age of eighteen years of age while they were undressing. Appellant videotaped the victims without their knowledge through the open blinds or curtains of their residences. The prosecutor stated that the videotape showed the victims "changing in their bedrooms and would be caught with some of their breasts exposed." The prosecutor further stated that when he was asked what was the purpose of the videotape footage, appellant "stated that he watched the tapes later and he masturbated to them."
After having reviewed the record, we find that sufficient evidence was presented demonstrating that appellant is a sexual predator. The record shows that appellant has had a pattern of sexual behavior in which he used others, including those whom he did not know, in order to satisfy his own pleasures. Appellant's actions were done without the consent of the victims. Appellant's videotaping of minors while they were in a state of nudity also demonstrates that appellant's pattern of abuse extended to minors. Appellant's use of a shot glass, candles, a plastic cup, and his fingers while sexually abusing one of the victims without her knowledge can also be characterized as cruel pursuant to R.C. 2950.09(B)(2)(i). As stated by the trial court, "this was a thought out pattern of activity that happened once, happened twice, and happened again with some kind of methodology which involved — and apparently for [appellant's] sexual gratification." Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that he was denied effective assistance of counsel as guaranteed by the United States and Ohio Constitutions. We first note that a sexual offender classification hearing pursuant to R.C. 2950.09(B) is civil in nature. State v. Gowdy
(2000), 88 Ohio St.3d 387, 398. Therefore, appellant's Sixth Amendment right to counsel under the United States Constitution is not implicated.State v. Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported. Additionally, appellant's rights to due process under theFifth and Fourteenth Amendments to the United States Constitution are not implicated because they "provide a due process right to counsel whenever the state seeks to infringe on a person's life, liberty or property interest." Id. "A favorable reputation is not a protected liberty interest." State v. Williams (2000), 88 Ohio St.3d 513, 527, certiorari denied Suffecool v. Ohio (2000), ___ U.S. ___, 121 S.Ct. 241.
Appellant's right to counsel under Section 9, Article I, Ohio Constitution is not applicable because it concerns a person's right to not be subjected to excessive bail or cruel and unusual punishment. Section 10, Article I is not applicable because it concerns the rights of criminal defendants. Section 16, Article I also is not applicable because it is similar to the Due Process Clause found in the Fifth andFourteenth Amendments to the United States Constitution.
However, the "Ohio Revised Code secures [a right to assistance of counsel] by providing that an offender has `the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.'" Wilson, supra, quoting R.C. 2950.09(B)(1). Therefore, even though appellant's right to counsel does not arise under the United States and Ohio Constitutions, appellant does have a right to effective assistance of counsel at a sexual predator hearing pursuant to R.C. 2950.09(B)(1). Cook, supra, at 423. In order to prove that appellant's counsel was ineffective during his sexual predator hearing, appellant must show that: (1) counsel's actions were outside the wide range of professionally competent assistance; and (2) appellant was prejudiced as a result of counsel's actions. Wilson, following Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052.
In the present case, appellant claims that his counsel was ineffective because counsel failed to object to the prosecutor's statement concerning his crimes and failed to present evidence establishing that appellant was not a sexual predator. The difficulty in reviewing appellant's claims is that he fails to argue how he was prejudiced by his counsel's actions. In a similar sexual predator case, we stated:
 * * * Appellant does not argue that if counsel had objected to the introduction of the state's evidence, that there was a reasonable probability that it would have been excluded. While appellant argues that his counsel should have presented mitigating evidence, appellant fails to point out what evidence would have been beneficial to him in the hearing. As stated by another appellate court, "[w]e do not know whether such evidence exists." [Dillbeck, supra, quoting State v. Combs (Apr. 16, 1999), Miami App. No. 98-CA-42, unreported.]
Appellant also argues that his counsel failed to object to the court's refusal to give jail-time credit to appellant for his four months of house arrest. Appellant cannot show that his counsel was ineffective because appellant cannot demonstrate that he was prejudiced. "[H]ouse confinement with electronic monitoring, whether it is called `arrest' or `detention' or otherwise, is not assessable as credit time against imprisonment when it is a condition of bail prior to sentencing." Statev. Holt (May 12, 2000), Montgomery App. No. 18035, unreported. The court discussed whether appellant would be eligible for jail-time credit during appellant's hearing:
 It is the court's impression that that was a condition of the bond rather than any kind of incarceration. I permitted him to continue his livelihood and to continue his real estate education so no, that was considered as part of his bond, that was for bond consideration.
Since appellant's house arrest was pursuant to a condition of bail prior to sentencing, appellant was not eligible for jail-time credit. Therefore, even if appellant's counsel had objected, appellant's sentence would not have been reduced.
Appellant also contends that he was prejudiced because his counsel's "advice played a part in his acceptance of the plea agreement and may invalidate his knowing, voluntary acceptance of the plea." However, this claim is not based upon the record.
 It is fundamental that appellate review is limited to the record as it existed at the time of judgment. Appellant's argument that he received ineffective assistance of counsel is based upon facts that are not part of the record. It would be improper for this court to decide issues on appeal based upon factual allegations that appellant presents for the first time in his appellate brief. This type of evidence outside of the record is most properly presented in a petition for postconviction relief and not in a direct appeal. [State v. Williams (Apr. 29, 1999), Franklin App. No. 98AP-975, unreported, citations omitted. See, also, State v. Green (2000), 90 Ohio St.3d 352, 375.]
Accordingly, after having reviewed the record and appellant's allegations, we find that appellant has failed to prove that his counsel was ineffective. Appellant's second assignment of error is overruled.
For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY, J., and BRYANT, P.J., concur.
[1] The common law rule giving courts the power to enter nunc pro tunc
orders has been codified by Civ.R. 60(A). McGowan v. Giles (Mar. 16, 2000), Cuyahoga App. No. 76332, unreported.