DECISION
{¶ 1} Plaintiff-appellant, Robert Lee Norris ("appellant"), appeals from the judgment of the Ohio Court of Claims granting summary judgment to defendants-appellees, the State of Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio Adult Parole Authority ("APA"), collectively appellants.
 {¶ 2} Appellant is currently incarcerated at the Richland Correctional Institute, and has filed this suit alleging that he is being wrongfully incarcerated. Appellant alleges that he is being incarcerated pursuant to an invalid entry, claiming that the entry was never journalized. The events leading up to the filing of appellant's complaint are as follows. Appellant was incarcerated in September 1993 after a jury found appellant guilty of one count of kidnapping and two counts of rape. Appellant was sentenced to a consecutive indeterminate term of 15-25 years on each count and fined $10,000 on each count. Following the trial court's filing of the original sentencing entry on September 10, 1993, the trial court filed two nunc pro tunc entries, one in January 1994, and one in October 1995. Appellant filed complaints concerning these entries in numerous courts, none of which have found any merit to appellant's arguments. One such complaint was filed in the United States District Court for the Northern District of Ohio, which denied appellant's request for a writ of habeas corpus. In affirming the district court's denial of the writ, the Sixth Circuit Court of Appeals summarized the procedural history of appellant's sentencing as follows:
[Norris'] last argument relates to the confusing series of nunc pro tunc sentencing entries made by the state trial court. At his sentencing hearing, the trial court imposed on appellant a term of imprisonment of 15-25 years (with 15 actual years) on each of the three counts, to be served consecutively, and a $10,000 maximum fine on each of the three counts. Stark County Tr. Vol. 14 for 9/9/93 at 70. This sentence was reflected in two judgment entries made on September 10, 1993. J.A. at 157, 160 (Ex. B-1) (Found Guilty By Jury and Sentence Imposed Sept. 10, 1993). In other words, as of September 1993, appellant was facing a total of 45-75 years of imprisonment and $30,000 in fines. For whatever reason, the state court made another judgment entry as of December 27, 1993 with respect to his convictions on Counts One, Two, and Three but this time sentencing appellant only for the kidnapping. J.A. at 162 (Ex. B-2) (J. Entry Nunc Pro Tunc as of Dec. 27, 1993). In October of 1995 several months after appellant filed his habeas petition with the federal courts, the state court entered another judgment sentencing appellant as of August 30, 1995 to 15-25 years imprisonment for each of the three counts to be served consecutively, imposing a $10,000 fine for kidnapping, and imposing a $20,000 fine for each of the counts of rape. J.A. at 169 (Ex. B-3) (J. Entry Nunc Pro Tunc as of Aug. 30, 1995).
Norris v. Schotten (C.A.6, 1998), 146 F.3d 314, 333.
 {¶ 3} The court went on to hold:
We understand appellant's frustration with the disorderly and confusing method by which he was sentenced in state court. However, we agree with the district court that the August nunc pro tunc entry was most likely made in order to eradicate any suggestion by the December 1993 nunc pro tunc judgment entry that appellant's sentences for the two rapes had been dropped. The reason for the December 1993 nunc pro tunc judgment entry is unclear; what is clear is that that entry as it now stands was made in error. Ohio courts may amend a journal entry nunc pro tunc in order to correct any errors so that the final sentencing entry accurately reflects the penalty imposed at the sentencing hearing. See State v. Greulich, 61 Ohio App.3d 22,572 N.E.2d 132, 134 (Ohio 1988). We emphasize that appellant cannot expect to benefit from such clerical errors, especially when there is no valid reason why appellant should think that two rape convictions would carry no sentence.
Id.
 {¶ 4} Because of a discrepancy in the last entry regarding the amount of fines appellant was sentenced to pay, in July 1998, the Stark County Court of Common Pleas filed a third nunc pro tunc entry "clarifying that [appellant] was to pay an aggregate of $30,000 in fines." State v. Norris (Mar. 26, 2001), Stark App. No. 2000CA00235. Appellant filed the instant complaint in the Ohio Court of Claims alleging a claim for wrongful imprisonment, and seeking monetary damages and release from confinement. Appellees filed a motion for summary judgment arguing that appellant was properly incarcerated pursuant to a valid entry. The Court of Claims agreed and granted judgment in favor of appellees. It is from this judgment that appellant appeals.
 {¶ 5} On appeal, appellant raises the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1
WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, IN A STAYED CASE AND THROUGH PROCEDURES WHICH WERE/ARE CONTRARY TO LAW AND THE VERY ANTITHESIS TO DUE PROCESS OF LAW.
ASSIGNMENT OF ERROR NO. 2
WHETHER, AND IN LIGHT OF THE EVIDENCE, DEFENDANT(S) WERE ENTITLED TO JUDGMENT AS A MATTER OF LAW, AND WHETHER *DEFENDANTS WERE PROHIBITED [BY THE DOCTRINE OF RES JUDICATA] FROM FORWARDING SUCH AFFIRMATIVE DEFENSE WHERE THEIR FORMER PLEADING' AND THE FORMER JUDGMENT OF THE COURT SPECIFICALLY AVERRED AND IDENTIFIED THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT.
 {¶ 6} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 7} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 10} Because our decision regarding appellant's second assignment of error is dispositive in this matter, we will address it first. We find that the allegations contained in appellant's complaint are barred by the doctrine of res judicata. The claim-preclusion effect of res judicata provides that "[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, quotingNorwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus.
* * * In order for res judicata to bar a subsequent action, the claims asserted therein need not be identical to the claims asserted in the prior action. Rather, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava at syllabus. The fact that a number of different legal theories may cast liability on an actor arising out of a given episode does not create multiple transactions or claims. Id. at 382, citing Comment c to 1 Restatement of the Law 2d, Judgments (1982), Section 24(1), at 200.
EMC Mortgage Co. v. Jenkins (2004), 164 Ohio App.3d 240, 252.
 {¶ 11} A review of the record in this case reveals that appellant has made the same arguments relating to the original and nunc pro tunc entries in numerous courts in both the federal and state systems. See Norris v. Konteh (Apr. 19, 1999), 11th Dist. No. 98-T-0030 (affirming the trial court's denial of a writ of habeas corpus based upon sentencing entries); Norris v.Schotten, supra (affirming the federal district court's denial of habeas corpus relief). It has been repeatedly held that the nunc pro tunc entries filed in this matter were to correct prior defects in the entries and in no way affect appellant's fundamental rights. See also, State v. Norris (Mar. 26, 2001), 5th App. No. 2000CA00235.
 {¶ 12} Not only has this issue been addressed specifically with regard to appellant, it is well settled that the use of nunc pro tunc entries is an accepted practice in the state of Ohio.
The common law rule giving courts the power to enter nunc protunc orders has been codified by Civ.R. 60(A). McGowan v.Giles, 2000 Ohio App. LEXIS 1006 (Mar. 16, 2000), Cuyahoga App. No. 76332, unreported.
A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. * * *
A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. * * * Its proper use is limited to what the trial court actually did decide. [State v. Greulich (1988), 61 Ohio App. 3d 22, 24-25, (Citations omitted).]
State v. Furlong (Feb. 6, 2001), Franklin App. No. 00AP-637.
 {¶ 13} Thus, not only do we reach the same conclusion as the previous court that have addressed this issue, that the alleged clerical errors in the trial court's sentencing entries, including those corrected by the 1998 nunc pro tunc entry, do not affect the validity of appellant's convictions and sentence, but the claims brought by appellant relating to this issue are clearly barred under the doctrine of res judicata.
 {¶ 14} For the foregoing reasons, appellant's second assignment of error is overruled, appellant's first assignment is rendered moot, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.