OPINION
{¶ 1} Defendant-appellant Anthony Legner appeals from his conviction and sentence, following a guilty plea, to one count of Driving While Under the Influence of Alcohol or Drugs, in violation of R.C.4511.19(A)(1), a felony of the fourth degree. As *Page 2 
directed by this court after we rejected a prior brief filed on his behalf under Anders v. California (1967), 386 U.S. 738, he assigns as error that the trial court erred by imposing a sentence appropriate to a felony of the fourth degree — 24 months' imprisonment-when the original sentencing entry reflected that he had been convicted of a felony of the fifth degree, for which imprisonment for 12 months is the maximum.
 {¶ 2} The trial court has entered a nunc pro tunc correction of its original sentencing entry, correcting what appears to have been an inadvertent mistake, in its original entry, referring to the felony of which Legner was convicted as a fifth-degree felony. As corrected, the sentencing entry reflects what Legner was consistently advised during his plea hearing, that he was pleading guilty to, and was convicted of, a fourth-degree felony. We have made the nunc pro tunc entry part of the record on appeal. We agree with the State that the trial court had authority to correct what was clearly a clerical error, and that as the record now stands, the trial court had authority to impose the 24-month sentence that it imposed. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Legner was charged by indictment with one count of failure to periodically verify his current address, in violation of R.C.2950.06(F), a felony of the fifth degree, and one count of Driving While Under the Influence of Alcohol or Drugs, with a specification of having three or more prior DUI convictions in the past six years, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree.
 {¶ 4} Legner ultimately pled guilty to both charges. During the plea hearing, he was consistently advised that the DUI offense he was pleading to was a felony of the *Page 3 
fourth degree. At his sentencing hearing, Legner was sentenced to 24 months imprisonment for the DUI, and ten months imprisonment for the failure to periodically verify his address, to be served concurrently. In the original sentencing entry, filed May 4, 2005, the DUI conviction was recited as "a felony of the fifth degree."
 {¶ 5} Legner appealed from his conviction and sentence. His assigned counsel filed a brief under Anders v. California, supra, reflecting that counsel could find no potential errors having arguable merit to assign. We performed our independent duty of review, and concluded that there was one potential issue having arguable merit. Even though we noted that the original sentencing entry's reference to the DUI conviction as a felony of the fifth degree appeared to be a clerical error, since Legner was consistently advised that he was pleading to the DUI as a felony of the fourth degree, and, further, because our construction of the statute appeared to exclude the possibility that a DUI offense could ever be a felony of the fifth degree, we reasoned that because a trial court speaks through its journal entries, a non-frivolous argument could be made that Legner could not receive a sentence more severe than that permitted for a fifth-degree felony.
 {¶ 6} Legner filed a new brief in accordance with our directive.
 II {¶ 7} Legner's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO TWENTY-FOUR MONTHS AFTER FINDING APPELLANT GUILTY OF A FIFTH *Page 4 
DEGREE FELONY."
 {¶ 9} The State has directed our attention to a nunc pro tunc entry, filed December 22, 2006, in the trial court, correcting the error in the original sentencing entry. As corrected, the nunc pro tunc entry reflects that Legner was convicted, following his guilty plea, of DUI as a fourth degree felony. We have obtained a certified copy of this nunc pro tunc entry, and we have made it part of this appellate record.
 {¶ 10} We agree with the State that Crim. R. 36 provides for the correction that the trial court has made: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
 {¶ 11} A nunc pro tunc entry may be used to correct a sentencing order, as long as the nunc pro tunc entry reflects what the court actually did and is not an attempt to modify the court's judgment.State v. Trapp (1977), 55 Ohio App.2d 189; State v. Breedlove (1988),46 Ohio App.3d 78; State v. Gruelich (1988), 61 Ohio App.3d 22. In this case, it is abundantly clear that the trial court intended to enter a conviction, on Legner's plea to DUI, as a felony of the fourth degree. Indeed, as we noted in our order rejecting Legner's Anders brief, there would appear to be no way that a DUI can be charged as a felony of the fifth degree. DUI is a misdemeanor, unless it is enhanced to a fourth-degree felony under R.C. 4511.191(G)(1)(d), or to a third-degree felony under R.C. 4511.191(G)(1)(e). Furthermore, the trial court consistently advised Legner, during his plea colloquy, that he was pleading to DUI as a fourth-degree felony. *Page 5 
 {¶ 12} We agree with the State that the trial court had authority to, and did, correct its clerical error by means of its December 22, 2006, nunc pro tunc entry. That eliminated any inconsistency between the twenty-four month sentence imposed and the degree of felony of which Legner was convicted.
 {¶ 13} Legner's sole assignment of error is overruled.
 III {¶ 14} Legner's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1