**[Cite as *State v. Smith*, 2025-Ohio-2138.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| GAGE L. SMITH, | : | Case No. CT2025-0027 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Muskingum County
                                        Court of Common Pleas, Case No.
                                        CR2022-0030

JUDGMENT:                               Affirmed

DATE OF JUDGMENT:                       June 17, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RON WELCH                               GAGE L. SMITH, Pro Se
Muskingum County Prosecutor             #A798-532
                                        Grafton Reintegration Center
By: JOSEPH A. PALMER                    2500 South Avon-Belden Road
Assistant Prosecuting Attorney          Grafton, Ohio 44044
27 North Fifth Street
Zanesville, Ohio 43701

*Baldwin, P.J.*

{¶1}   The appellant appeals from the trial court's denial of his February 11, 2025, "Petition for Post-Conviction Relief Pursuant to O.R.C. §2953.21". Appellee is the State of Ohio. For the reasons set forth below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   The appellant's father, a disabled and/or elderly person, was contacted by his bank regarding charge accounts that had been opened in his name between December, 2017 and June, 2021.  An investigation revealed that several cards had been procured in the father's name with the appellant's billing address, with balances totaling $46,846.51. On February 16, 2022, the appellee filed a bill of information charging the appellant with the following: Count One, Identity Fraud in violation of R.C. § 2913.49(B)(1), a felony of the second degree; Count Two, Theft from an elderly person or disabled adult in violation of R.C. § 2913.02(A)(1) [and (B)(3)], a felony of the second degree; and, Count Three, Possession of Drugs (Methamphetamine) in violation of R.C. § 2925.11(A), a felony of the fifth degree.

{¶3}   The appellant, who was appointed counsel, was arraigned on February 16, 2022. A "Waiver, and Plea of Guilty to Prosecutor's Bill of Information" was filed the same day in which the appellant, having been advised by the court of the nature of the charges against him and the maximum penalties for each, entered a plea of guilty to all counts. In addition, the trial court filed an Entry on February 16, 2022, which further documented the appellant's change-of-plea and the fact that the trial court fully explained the appellant's constitutional rights to him and described the plea agreement as a joint recommendation

of 4 years and 11 months in prison and a restitution amount of $46,846.51. The appellant thereafter entered a plea of guilty to all three counts.

{¶4} A sentencing hearing was conducted on April 4, 2022, at which the trial court sentenced the appellant as follows: on Count One, to a stated minimum prison term of 6 years and an indefinite term of 9 years; on Count Two, to a stated prison term of 6 years; and, on Count Three, to a stated prison term of 12 months. The trial court further ordered the terms of the appellant's incarceration be served concurrently, for an aggregate minimum prison sentence of 6 years and an indefinite sentence of 9 years. The court also ordered restitution in the amount of $46,846.51. The trial court did not impose a fine in connection with any of the counts.

{¶5} The appellant filed a delayed appeal, for which the record was filed in 2022. On March 1, 2023, this Court affirmed the decision of the trial court. See, *State v. Gage,* 2023-Ohio-598 (5th Dist.), *appeal not allowed,* 2023-Ohio-2236, *appeal not allowed,* 2023-Ohio-3670, and *habeas corpus dismissed,* 2025 WL 1098815, S.D. Ohio, Apr. 14, 2025.

{¶6} On May 22, 2023, the appellant filed an "Application for Reopening Pursuant to Appellate Rule 26(B)" in which he argued, inter alia, that his trial counsel was ineffective for failing to argue that the actual amount lost was $27,983.00, and that the amount of restitution ordered by the trial court was incorrect. On June 29, 2023, this Court issued a Judgment Entry denying the appellant's Application for Reopening.

{¶7} On February 11, 2025, the appellant filed a "Petition for Post-Conviction Relief Pursuant to O.R.C. §2953.21" in which he argued that the total amount charged on the credit cards he procured in his elderly and/or disabled father's name was $27,983.87,

rather than the $46,846.51 the trial court ordered as restitution in its February 16, 2022, Entry. On February 18, 2025, the appellee filed a Motion for Summary Judgment/Memorandum in which it argued that the appellant's Petition was not timely and, in the alternative, that it was precluded by the doctrine of res judicata because it presented no new evidence that was not available at the time of the original appeal. On February 19, 2025, the trial court issued a Journal Entry in which it found that the doctrine of res judicata applied to the matter, and denied the appellant's Petition.

{¶8} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT SMITH'S CONSTITUTIONAL AND DUE PROCESS RIGHTS, WHEN IT DENIED APPELLANT SMITH'S PETITION FOR POST-CONVICTION RELIEF, FINDING APPELLANT SMITH'S PETITION WAS SUBJECT TO THE DOCTRINE OF RES JUDICATA."

{¶10} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S SMITH'S PETITION FOR POSTCONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING AS APPELLANT SMITH SUBMITTED DOCUMENTATION THAT ON ITS FACE SUPPORTED APPELLANT'S SMITH POST-CONVICTION RELIEF PETITION."

{¶11} The appellant's assignments of error are interrelated, and as such we will address them together.

**APPLICABLE LAW**

**{¶12}** Petitions for post-conviction relief are governed by R.C. 2953.21, which provides in pertinent part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i)       Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

(ii)      Any person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict;

(iii)     Any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to

death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death;

(iv) Any person who has been convicted of aggravated murder and sentenced to death for the offense and who claims that the person had a serious mental illness at the time of the commission of the offense and that as a result the court should render void the sentence of death, with the filing of the petition constituting the waiver described in division (A)(3)(b) of this section.

The appellant argued in his Petition for Post-Conviction Relief that the sentence originally imposed by the trial court resulted in such a denial or infringement of his rights that it is rendered void or voidable under the Ohio Constitution or the Constitution of the United States, and as a result his sentence should be vacated. R.C. 2953.21 (A)(1)(a)(i). He supported this position with references to the discrepancy between the amount of debt he was alleged to have incurred in the name of his victim - $46,846.51 - and the amount he claims was actually at issue - $27,983.87. He further supported his Petition with an affidavit from the victim, as well as other documents, including a civil complaint filed against the victim by Bank of America on October 18, 2021, on one account in which damages of $27,983.87 were sought; and, a February 2021 – March 2021 statement from Bank of America representing one account with a $27,983.87 balance. The appellant does not address in his Petition why he failed to provide this information at the time his case was originally heard or at the time of his direct appeal, nor does he address the fact

that the documentation addresses only one Bank of America account while he was alleged to have procured more than one account in the victim's name.

{¶13} R.C. 2953.21 (A)(2)(a) states:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶14} R.C. 2953.23 provides in pertinent part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in

division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b)     The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2)     The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(d) of section 2953.21 of the Revised Code.

Neither of the exceptions set forth R.C. 2953.23 (A)(1) or R.C. 2953.23 (A)(2) apply in the case sub judice.

**{¶15}** The transcript of the appellant's trial proceedings was filed in 2022. His "Petition for Post-Conviction Relief Pursuant to O.R.C. §2953.21" was filed on February 11, 2025, far exceeding the three hundred sixty-five day timeframe set forth by the statute. Furthermore, it is not subject to any exceptions under R.C. 2953.23(A).  Accordingly, his Petition is untimely and is therefore denied.

**{¶16}**  Assuming, arguendo, the appellant had filed his Petition in a timely manner, it would still fail. When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court is required to grant an evidentiary hearing unless it determines that the files and records of the case show the petitioner is not entitled to relief. See, R.C. 2953.21(F). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk*, 1996-Ohio-337.  In this case, the trial court correctly determined that the appellant's Petition was barred by res judicata.

**{¶17}** Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at 95. *State v. Weaver*, 2018-Ohio-2509 (5th Dist.) ¶17, *appeal not allowed*, 2018-Ohio-4285.

**{¶18}** A trial court's decision to deny a petition for post-conviction relief without holding an evidentiary hearing is within the sound discretion of the trial court. *State v. King*, 2020-Ohio-1373 (5th Dist.) ¶8, citing *State v. McKelton*, 2015-Ohio-4228 (12th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

**{¶19}** The issue of which the appellant complains - that is, the amount owed on the credit cards he procured in his elderly father's name - existed at the time of his plea. Furthermore, the documents attached to his Petition were dated October 18, 2021 and February 2021 - March 2021, both of which were prior to the appellee's Bill of Information and the appellant's plea. He therefore could have accessed these documents and raised these issues during trial and/or in a direct appeal. As the Ohio Supreme Court has held:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the

trial which resulted in that judgment of conviction or on an appeal from that

judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Because the

appellant could have raised his complaints in a direct appeal and failed to do so, the trial

court did not err in finding that res judicata applied to the case and in denying his petition

without a hearing.  Accordingly, assignments of error numbers one and two are overruled.

## CONCLUSION

{¶20}  Based upon the foregoing, we find that the appellant's claims are untimely and, furthermore, are barred by the doctrine of res judicata. Accordingly, the trial court was not required to hold an evidentiary hearing, and properly denied the appellant's Petition for Post-Conviction Relief. The appellant's assignments of error numbers one and two are therefore overruled, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.