[Cite as *State v. Smith*, 2025-Ohio-5127.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0080 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2022-0030 |
| GAGE L. SMITH, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: November 12, 2025 |

BEFORE: William B. Hoffman; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer, for Plaintiff-Appellee; Gage L. Smith, briefed the case on his own behalf as Defendant-Appellant.


*Gormley, J.*

**{¶1}** Appellant Gage L. Smith appeals the judgment of the Court of Common Pleas of Muskingum County denying what he describes as his "nunc pro tunc motion." Because we find that Smith was not entitled to the relief that he sought, we affirm the trial court's judgment.

**The Key Facts**

**{¶2}** In 2022, Smith was charged with identity fraud against a person in a protected class, theft from a person in a protected class, and aggravated possession of drugs. The identity-fraud and theft charges stemmed from Smith's alleged acts of causing credit cards to be issued in his father's name and having them sent to his own address. Smith's father was a "disabled adult" as that term is defined in R.C. 2913.02(DD).

**{¶3}** Smith pled guilty to the charges and was sentenced to an indefinite prison term with a minimum length of six years and a maximum length of nine years. Smith was also ordered to pay restitution totaling $46,846.51.

**{¶4}** In his direct appeal, Smith challenged his guilty plea, focusing on the trial judge's explanation of the maximum fine that could have been imposed. Smith argued in that appeal, too, that the prison terms imposed on him were disproportionate to the crimes committed. Our court found that the trial court had substantially complied with Crim.R. 11 and, because the trial court had imposed no fine, an analysis of any prejudice flowing from the trial court's explanation of the maximum fine was unnecessary. *State v. Smith*, 2023-Ohio-598, ¶ 23 (5th Dist.). We also concluded that the sentence imposed was not contrary to law. *Id*. at ¶ 41.

**{¶5}** In February 2025, Smith filed a post-conviction petition in the trial court. Smith argued that the total amount billed to the credit cards issued in his father's name was $27,983.87, rather than the $46,846.51 that the trial court had ordered him to pay in restitution. After the trial court denied Smith's post-conviction petition, our court found that the petition had been filed late, and we also explained that the doctrine of claim preclusion barred Smith from raising his restitution-related issue in a post-conviction filing because he could have accessed the bank records and could have raised the issue before he was sentenced or in his direct appeal. *State v. Smith*, 2025-Ohio-2138, ¶ 19–20 (5th Dist.).

**{¶6}** In July 2025, Smith filed in the trial court what he describes as a nunc pro tunc motion. That motion asked the trial court to vacate Smith's sentence and then

impose a new sentence with a new restitution amount.  The trial court denied that motion without holding a hearing, and Smith now appeals.

**Smith Is Not Entitled to Be Resentenced**

**{¶7}**   Although Smith called his motion a nunc pro tunc motion, he did not ask the trial court to correct a clerical error or omission.  Instead, he asked the court to vacate his sentence, consider new evidence, and issue a new sentence.  The trial court correctly denied that request.

**{¶8}**   "'A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth.'"  *Scaglione v. Saridakis*, 2009-Ohio-4702, ¶ 9 (8th Dist.), quoting *State v. Greulich*, 61 Ohio App.3d 22, 24 (9th Dist. 1988).  The order "'is used to record that which the trial court did,'" but, for whatever reason, did not record in its entry.  *Id*.  A nunc pro tunc order is "limited to memorializing what the trial court actually did at an earlier point in time" and cannot be used "to indicate what the court might or should have decided."  *Greulich* at 24–25.

**{¶9}**   A nunc pro tunc order may be used to "'correct clerical mistakes in judgments or orders arising from oversight or omissions.'"  *State v. Gould*, 2025-Ohio-2158, ¶ 9 (5th Dist.), quoting *State v. Thompson*, 2024-Ohio-991, ¶ 13 (6th Dist.).  "A 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."  *Id*.  The Supreme Court of Ohio has held that "the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment."  *State v. Miller*, 2010-Ohio-5705, ¶ 16.

**{¶10}** The sentencing entry directing Smith to pay restitution in the amount of $46,846.51 accurately reflects the amount of restitution that the trial court intended Smith to pay. At Smith's plea hearing, the parties jointly recommended to the trial court that a prison term be imposed and that he be ordered to pay restitution totaling $46,864.51. Once Smith had pled guilty, the trial court imposed a sentence that included a restitution obligation in the precise amount that the parties had recommended. By entering into the plea agreement and by pleading guilty to the charges, Smith waived his right to challenge the state's evidence or to present evidence of his own. He cannot now insist that the sentence be changed through a nunc pro tunc order.

**{¶11}** The relief sought by Smith "goes beyond supplying those omissions routinely found in *nunc pro tunc* orders." *Greulich*, 61 Ohio App.3d at 26. Smith seeks an amendment to the sentencing entry that is not merely clerical but would instead change what the trial court previously decided. *Id*. A nunc pro tunc order "cannot be used to modify the amount of restitution imposed in a valid final judgment, barring any clerical error that is apparent on the record." *State v. D.P.L.*, 2024-Ohio-3314, ¶ 25 (10th Dist.).

**{¶12}** We find no error in the trial court's denial of Smith's request that his sentence be modified now.

## Smith Is Not Entitled to an Evidentiary Hearing

**{¶13}** Smith argues that the trial court abused its discretion by denying his motion without conducting an evidentiary hearing. Any hearing on the motion, however, would have been pointless because Smith has identified no clerical errors or omissions in the original sentencing entry, and a trial court "has no statutory authority to . . . reduce or remove restitution as a financial sanction" after a criminal defendant has been sentenced.

*State v. L.K.*, 2024-Ohio-1890, ¶ 22 (10th Dist.). *See also State v. Downey*, 2016-Ohio-5778, ¶ 15 (12th Dist.) (once a court journalizes an offender's sentence, it has no jurisdiction to decrease the amount of restitution originally imposed at sentencing).

**{¶14}** For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant Gage L. Smith.

By: Gormley, J.;

Hoffman, P.J. and

Popham, J. concur.