OPINION *Page 2 
{¶ 1} Defendant-appellant Charles A. Mitchell appeals his sentence entered by the Muskingum County Court of Common Pleas following a jury trial on one count of aggravated burglary and one count of kidnapping.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} The victim's account of events is as follows:
 {¶ 4} On June 29, 2006, Denise Mitchell was at home when she heard a noise at the door which she believed to be the banging of the screen door. When she opened the security door to close the screen door, she observed a shadow and realized her ex-husband, Charles Mitchell, was standing on her porch, holding a tire iron in his hand. (T. 128-131). Appellant Mitchell forced her back into the house and ordered her to remove her clothes. (T. 133-138). He then ordered her to fondle herself while he watched. He then proceeded to chastise her for harassing him. After some time, Ms. Mitchell convinced Appellant she heard her daughter coming home. When Appellant stepped outside to check, Ms. Mitchell called 911. Although she was not able to speak at length with the dispatcher, she was able to hide the phone and keep the line open. Officers were dispatched to the home. Upon their arrival, Ms. Mitchell broke a window and yelled for help. (T. 152-153). Thereafter, Appellant was taken into custody. (T. 154).
 {¶ 5} On July 7, 2006, Defendant-appellant Charles A. Mitchell was indicted by the Muskingum County Grand Jury on one count of Aggravated Burglary, an F1, in violation of R.C. § 2911.12(A)(2); one count of Kidnapping with a Sexual Motivation *Page 3 
Specification and a Sexually Violent Predator Specification, an F1, in violation of R.C. § 2905.01 (A)(4); and four counts of Rape, an F1, in violation of R.C. § 2907.02(A)(2).
 {¶ 6} On July 12, 2006, Appellant pled not guilty to the above-listed charges.
 {¶ 7} On October 31, 2006, the matter came before the trial court for jury trial.
 {¶ 8} At trial, Appellant took the stand and testified. Appellant began by detailing his criminal history. (T. at 315-319). Appellant then testified that after playing in his golf league and drinking a few beers, he decided to pay an unannounced visit to his ex-wife at approximately 11:00 p.m. (T. at 338). He further testified that he took a tire iron to the door after he received no answer to his first knock, stating that he took it for protection because it was dark and raining. (T. at 341-342). He further testified that his ex-wife then came to the door and invited him in. (T. at 342-343) He then testified that after about a twenty minute conversation, he and his ex-wife began kissing which led to them having sex. (T. at 343-348). He stated that at one point Denise thought she heard something outside and was afraid that it might be their daughter coming home, so he went outside to investigate. (T. at 349-350). He testified that he then returned to the trailer and at that time, he and Denise went into the bedroom and continued to have sex until the police arrived. (T. at 343-354). When he went to answer the door, his ex-wife inexplicably broke a window out of the house and screamed to the officers for help. With that he was arrested. (T. at 354).
 {¶ 9} On November 1, 2006, the cause was submitted to the jury. Following four hours of deliberation, the jury returned verdicts of guilty as to the counts of Aggravated Burglary and Kidnapping. The jury returned not guilty verdicts to the four counts of Rape *Page 4 
and of the Sexual Motivation Specification and Sexually Violent Predator Specification of count two.
 {¶ 10} On December 11, 2006, after a pre-sentence investigation, the trial court sentenced Appellant to a stated prison term of ten (10) years on the Aggravated Burglary count and a stated prison term of ten (10) years on the Kidnapping count. These sentences were ordered to be served consecutive to one another.
 {¶ 11} On December 26, 2006 a timely notice of appeal was filed.
 {¶ 12} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 13} "I. THE APPELLANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL/REVERSAL BECAUSE THE JURY'S VERDICT IS INCONSISTENT.
 {¶ 14} "II. THE TRIAL COURT ERRED IN ALLOWING AN INHERENTLY CONFUSING FORM FOR THE SECOND COUNT.
 {¶ 15} "III. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING APPELLANT'S MISDEMEANOR RECORD CLEARLY IN CONTRAVENTION OF EVIDENCE RULE 609.
 {¶ 16} "IV. THE TRIAL COURT ERRED WHEN IT DISMISSED A JUROR OVER THE OBJECTION OF APPELLANT'S COUNSEL.
 {¶ 17} "V. THE VERDICTS ARE NOT SUSTAINED BY THE SUFFICIENCY OF EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 18} "VI. THE TRIAL COURT ERRED WHEN IT IMPOSED TWO CONSECUTIVE MAXIMUM SENTENCES — R.C. § 2953.08.
 {¶ 19} "VII. THE TRIAL COURT ABUSED IT DISCRETION IN SENTENCING." *Page 5 
 I. {¶ 20} In his first assignment of error, Appellant argues that the jury's verdicts were inconsistent. We disagree.
 {¶ 21} Specifically, Appellant argues that he should have been acquitted on the aggravated burglary and kidnapping charges because he was acquitted on the rape charges, because the crimes of rape and kidnapping are allied offenses of similar import. Appellant argues that in order for the jury to have found him not guilty of the rape charges, they must have found that the element of force or threat of force was not proven. As force is also an element of kidnapping, Appellant argues that such verdict is inconsistent. Further, if no force or threat of force was used, and no kidnapping occurred, then there was no purpose to commit a criminal offense, which is an element of aggravated burglary, again rendering inconsistent verdicts.
 {¶ 22} Upon review, we find that consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal. State v. Adams (1978), 53 Ohio St.2d 223,374 N.E.2d 137, vacated in part on other grounds, 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103. Each count of a multi-count indictment is deemed distinct and independent of all other counts, and thus inconsistent verdicts on different counts do not justify overturning a verdict of guilt. SeeState v. Hicks (1989), 43 Ohio St.3d 72, 78, 538 N.E.2d 1030; State v.Brown (1984), 12 Ohio St.3d 147, 465 N.E.2d 889, paragraph one of the syllabus; State v. Washington (1998), 126 Ohio App.3d 264, 276,710 N.E.2d 307. "[T]he sanctity of the jury verdict should be preserved and could not be upset by *Page 6 
speculation or inquiry into such matters (1997), to resolve the inconsistency." State v. Lovejoy 79 Ohio St.3d 440, 444,683 N.E.2d 1112.
 {¶ 23} Based on the foregoing, we find Appellant's arguments not well-taken.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} In his second assignment of error, Appellant argues that the verdict form on Count II was inherently confusing. We disagree.
 {¶ 26} Appellant asserts that the verdict forms for the Kidnapping Charge and the Sexual Motivation Specification were confusing because neither contained the language as set forth in 4 OJI 507.72, which reads:
 {¶ 27} "1. If your verdict is guilty of (specify offense), you will separately decide whether the defendant committed the offense with a sexual motivation. Before you can find that the defendant committed the offense with a sexual motivation, you must find beyond a reasonable doubt that the defendant committed the offense with purpose to gratify his/her sexual needs or desires."
 {¶ 28} Upon review of the jury instructions, we find that the trial court did, however, instruct the jury as follows:
 {¶ 29} "If your verdict is guilty as to count two, you will separately decide beyond a reasonable doubt whether the Defendant committed kidnapping with a sexual motivation. If your verdict is not guilty on count two, you will not decide this issue.
 {¶ 30} "Sexual motivations [sic] means a purpose to gratify sexual needs or desires of the Defendant." (T. at 403). *Page 7 
 {¶ 31} Upon review of the record, we find that Appellant failed to raise any objection to the trial court's jury instruction as given. Accordingly, we review Appellant's argument under a plain error standard of review. State v. Underwood (1983), 3 Ohio St.3d 12, at syllabus;State v. Long (1978), 53 Ohio St.2d 91, at paragraph one of the syllabus; Crim.R. 52(B). An error constitutes plain error if it is obvious and affects a substantial right. State v. Yarbrough (2002),95 Ohio St.3d 227, 767 N.E.2d 216, 2002-Ohio-2126, ¶ 108. Moreover, an alleged error constitutes plain error if "`but for the error, the outcome of the trial clearly would have been otherwise.'" Id., quotingState v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, 53 Ohio St.2d 91, at paragraph three of the syllabus.
 {¶ 32} The jury, in the instant case, found Appellant guilty of the charge of Kidnapping but not guilty of the Sexual Motivation Specification. As such, we fail to find any evidence of confusion on the part of the jury as they were, in fact, aware that they could find Appellant guilty of Count Two and not guilty of the specifications because that is exactly what they did. We therefore fail to find any prejudice to Appellant.
 {¶ 33} Appellant's second assignment of error is overruled.
 III. {¶ 34} In his third assignment of error, Appellant argues the trial court erred in allowing testimony regarding Appellant's misdemeanor record. We disagree.
 {¶ 35} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. See State v. Sage (1987),31 Ohio St.3d 173, *Page 8 510 N.E.2d 343. Accordingly, we will not disturb a trial court's evidentiary ruling absent a demonstration of an abuse of discretion, which is a decision that is unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 36} As stated in the recitation of facts above, Appellant, during his direct examination by his defense counsel, voluntarily testified to his lengthy criminal history, during which, in addition to a myriad of felony convictions, Appellant also admitted to pleading guilty to certain misdemeanor offenses:
 {¶ 37} "Q. Do you have any misdemeanor offenses?
 {¶ 38} "A. Yes, quite a few. I have DUIs, domestic violence. I think I got — it's either three or four DUIs, I think three domestic violence, disorderly conduct, an FRA suspension, driving under suspended license." (T. at 317).
 {¶ 39} Counsel for Appellant then went on to ask Appellant about his approach to his past criminal actions:
 {¶ 40} "Q. And did you take any of those cases to trial?
 {¶ 41} "A. No, sir.
 {¶ 42} "Q. Why not?
 {¶ 43} "A. I was guilty. (T. at 317).
 {¶ 44} Such line of questioning was then followed up with the following question and answer:
 {¶ 45} "Q. Why did you decide to bring this case to trial, Mr. Mitchell?
 {¶ 46} "A. Because I am not guilty." (T. at 317). *Page 9 
 {¶ 47} Upon cross-examination, the prosecutor questioned Appellant about the nature of his prior domestic violence charges, inquiring as to whether such pleas were the result of plea bargains for reduced charges. (T. at 361-363).
 {¶ 48} Appellant argues that this line of questioning amounted to improper impeachment under Evid.R. 609 by using evidence of misdemeanor convictions for the purpose of attacking Appellant's credibility.
 {¶ 49} Evid.R. 609 concerns impeachment by evidence of a criminal conviction. Relevant to the instant case, it provides that evidence that the accused has been convicted of a crime is admissible in one of two circumstances: (1) if it is a felony and the probative value outweighs the danger of unfair prejudice, confusion of the issues, or of misleading the jury; or (2) if the crime, felony or otherwise, involved dishonesty or false statement. See Evid.R. 609(A)(1) and (2).
 {¶ 50} While Evid.R. 609 clearly does not permit the use of a misdemeanor conviction to impeach the accused, Evid.R. 608, in certain circumstances, does.
 {¶ 51} Evid.R. 608 concerns evidence of character and witness conduct. Relevant to the instant case, it provides the following: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court,if clearly probative of truthfulness or untruthfulness, be inquired intoon cross-examination of the witness * * * concerning the witness'scharacter for truthfulness or untruthfulness * * *" (Emphasis added.) Evid.R. 608(B)." *Page 10 
 {¶ 52} In State v. Greer, 39 Ohio St.3d 236, the Ohio Supreme Court addressed this issue, holding:
 {¶ 53} "Immediately apparent was appellant's emphasis upon the fact that he had pled guilty to the prior offenses." This emphasis seems to have been intended to imply that herein, had Appellant, in fact, committed the crimes at issue, he would have pled guilty. The prosecution's response on cross-examination was to demonstrate that the guilty pleas were the result of plea bargains for lesser sentences and not the result of Appellant's overriding compulsion to be truthful. Also, the inquiries into actual time spent in prison, as well as sentences received, were incidental to demonstrating that Appellant received lesser sentences than he might have received absent plea bargaining. Further, Appellant himself spelled out the particulars of his prior convictions, including lengths of sentences received as well as reduction in time served. Having so opened this door of inquiry, Appellant can hardly complain about the prosecution's use of similar information to rebut his attempts to bolster his credibility before the jury prior to questioning about the crime at issue.
 {¶ 54} We find, in the case sub judice, that Appellant put his own character at issue by stating that when he commits a crime, he owns up to it by pleading guilty. The state elicited testimony from Appellant regarding his misdemeanor convictions, not in an effort to impeach Appellant's credibility by showing conviction of such misdemeanor, which Appellant had already testified to, but rather to demonstrate that Appellant was not truthful.
 {¶ 55} Appellant's third assignment of error is overruled. *Page 11 
 IV. {¶ 56} In his fourth assignment of error, Appellant argues that the trial court erred in dismissing one of the jurors over the objection of Appellant's counsel. We disagree.
 {¶ 57} Revised Code § 2945.29 states that "[i]f, before the conclusion of the trial, a juror becomes sick, or for other reason is unable to perform his duty, the court may order him to be discharged. In that case, if alternate jurors have been selected, one of them shall be designated to take the place of the juror so discharged." Likewise, Crim.R. 24(F)(1) provides for the use of alternate jurors if regular jurors "become or are found to be unable or disqualified to perform their duties." Whether a juror is unable to perform his duty is a determination that lies within the trial court's discretion. State v.Kish, Lorain App. No. 02CA008146, 2003-Ohio-2426, ¶ 6; State v.late (Mar. 7, 1989), Clark App. No. 2431. In cases involving outside influences on jurors, the trial court is granted broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror. State v. Johnson, 88 Ohio St.3d 95,2000-Ohio-276.
 {¶ 58} In the instant case, the trial court learned that a juror and her husband, who had been observing the trial from the gallery, had been observed in conversation with a witness in the hallway during a break in the proceedings. Upon hearing of this conversation and prior to proceeding any further in the trial, the trial court asked this juror about the nature of such conversations. The juror admitted that she had had conversations with an individual in the hallway, but she denied that the conversation had anything to do with the trial. She further denied knowing that the person was a prospective witness. She also stated that she had not heard any information outside the courtroom, from her husband or otherwise, that would influence her deliberations. *Page 12 
However, at the request of the State, and over the objection of Appellant, the trial court dismissed the juror and replaced her with an alternate.
 {¶ 59} Upon review, we find that even though Appellant objected to this juror being removed from the jury, the trial court acted within its discretion in concluding that her objective participation in the trial could have been compromised by her encounter with the witness during the break. The fact that the juror and her husband had been involved in a conversation with a trial witness, without more, provided sufficient grounds to support the trial court's decision to proceed with the substitution based on the appearance of impropriety. The trial court's substitution was not arbitrary, unreasonable, or capricious, and the decision fell squarely within its discretionary authority. Further, the fact that the substitution occurred prior to deliberations reinforces our view that Appellant suffered no prejudice as a result of the trial court's decision.
 {¶ 60} Thus, the trial court did not err in removing said juror from the jury.
 {¶ 61} Appellant's fourth assignment of error is overruled.
 V. {¶ 62} In his fifth assignment of error, Appellant argues that the verdicts are against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 63} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion."State v. Thompkins (1997), 76 Ohio St.3d 390, 678 N.E.2d 541. *Page 13 
 {¶ 64} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991) 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
 {¶ 65} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins, 78 Ohio St.3d at 386,678 N.E.2d 541.
 {¶ 66} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 67} On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in *Page 14 
the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Martin (1983), 20 Ohio App.3d 172. See also,State v. Thompkins (1997), 78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 68} In the instant case, Appellant was convicted of Kidnapping and Aggravated Burglary:
 {¶ 69} Revised Code § 2905.01 (A)(4), Kidnapping, provides, in relevant part:
 {¶ 70} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 71} "* * *
 {¶ 72} "(4) To engage in sexual activity, as defined in section2907.01 of the Revised Code, with the victim against the victim's will;
 {¶ 73} R.C. § 2911.11(A)(2), Aggravated Burglary, provides:
 {¶ 74} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or *Page 15 
separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 75} * * *
 {¶ 76} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
 {¶ 77} Upon review of the record, we find that the jury heard testimony from nine witnesses on behalf of the State. The jury also heard testimony from Appellant and one other witness called on his defense.
 {¶ 78} Appellant, in his brief, draws out attention to a number of inconsistencies between his testimony and the testimony of the victim.
 {¶ 79} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964),176 Ohio St. 61, 67, 197 N.E.2d 548; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell
(1992), 79 Ohio App.3d 667,607 N.E.2d 1096.
 {¶ 80} Upon review of the record, we conclude that the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further *Page 16 
conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant trespassed into his ex-wife's home with a deadly weapon, to-wit: a crow bar, under his control with the purpose of committing a criminal offense. We further conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant did by force, threat or deception, restrain the liberty of his ex-wife.
 {¶ 81} Appellant's fifth assignment of error is overruled.
 VI., VII. {¶ 82} In his sixth and seventh assignments of error, Appellant argues that the trial court erred and abused its discretion in ordering consecutive, maximum sentences. We disagree.
 {¶ 83} Appellant concedes a trial court has great discretion in sentencing defendants, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more than minimum sentences. Id. An individual has no substantive right to a particular sentence within the range authorized by statute, State v.Firouzmandi, Stark App. No. 2006-CA-00041, 2006-Ohio-5823, paragraph 21, citations deleted.
 {¶ 84} In Foster, supra, the Supreme Court modified our standard of review concerning sentencing, but left a void concerning the applicable standard of review in sentencing matters, Firouzmandi, paragraph 7. InFirouzmandi, this Court determined our standard of review is the abuse of discretion standard, which means we may not substitute our judgment for that of the trial court. Id. at paragraph 40, citing Pons v. OhioState Medical Board (1993), 66 Ohio St.3d 619. *Page 17 
 {¶ 85} We have reviewed the record, and we find the trial court did not abuse its discretion in sentencing Appellant to maximum, consecutive terms for the crimes of aggravated burglary and kidnapping.
 {¶ 86} Appellant's sixth and seventh assignments of error are overruled.
 {¶ 87} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.
 Wise, J., Gwin, P. J., and Farmer, J., concur. *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1