[Cite as *State v. Mitchell*, 2016-Ohio-5149.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2015-0055 |
| | : | |
| CHARLES A. MITCHELL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2006-0187

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      July 25, 2016

APPEARANCES:

For Plaintiff-Appellee:                           For Defendant-Appellant:

D. MICHAEL HADDOX                     ERIC J. ALLEN
MUSKINGUM CO. PROSECUTOR     713 S. Front St.
GERALD V. ANDERSON II               Columbus, OH 43206
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Charles A. Mitchell appeals from the October 5, 2015 Journal Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3} On July 7, 2006, appellant was charged by indictment with one count of aggravated burglary, a felony of the first degree pursuant to R.C. 2911.11(A)(2) [Count I]; one count of kidnapping felony of the first degree pursuant to R.C. 2905.01(A)(4) [Count II]; and four counts of rape, each a felony of the first degree pursuant to R.C. 2907.02(A)(2) [Counts III, IV, V, and VI]. Count II included a sexual-motivation specification pursuant to R.C. 2941.147 and a sexually-violent predator specification pursuant to R.C. 2941.148.

{¶4} The matter proceeded to trial by jury on November 1, 2006. Appellant was found guilty upon Counts I and II (aggravated burglary and kidnapping) and not guilty upon the four counts of rape. Appellant was also found not guilty upon the sexual motivation specification and sexually violent predator specification of Count II.

{¶5} On December 11, 2006, the trial court sentenced appellant to a stated prison term of ten years on Count I and a stated prison term of ten years on Count II. The sentences were ordered to be served consecutively.

{¶6} Appellant initiated his first direct appeal in *State v. Mitchell*, 5th Dist. Muskingum No. CT2006-0090, 2007-Ohio-5519, appeal not allowed, 117 Ohio St.3d 1424, 2008-Ohio-969 [*Mitchell I*], in which he raised seven assignments of error, including the jury's verdict was inconsistent; the trial court allowed an "inherently confusing [verdict]

form" upon Count II; the trial court erred in allowing testimony of appellant's misdemeanor criminal history; the trial court erred in dismissing a juror; the verdicts are against the sufficiency and manifest weight of the evidence; the trial court erred in imposing consecutive maximum sentences; and the trial court abused its discretion in sentencing. We overruled each of appellant's assignments of error and the Ohio Supreme Court declined review. Id.

{¶7} *Mitchell I* was reopened in *State v. Mitchell*, 5th Dist. Muskingum No. CT2006-0090, 2009-Ohio-5251, appeal not allowed, 124 Ohio St.3d 1476, 2010-Ohio-354 [*Mitchell II*]. In that appeal, appellant raised seven assignments of error, including a deficient indictment omitting the mens rea; an inconsistent verdict violative of double jeopardy; manifest weight and sufficiency of the evidence; sentencing upon allied offenses; ineffective assistance of trial and appellate counsel; insufficient findings for maximum consecutive prison terms; and cumulative error. We overruled appellant's seven assignments of error and affirmed his convictions and sentences; the Ohio Supreme Court again declined review. Id.

{¶8} Appellant's federal habeas corpus action was dismissed. *Mitchell v. Smith*, S.D.Ohio No. 2:10-CV-299, 2011 WL 3440093, *1 (Aug. 8, 2011).

{¶9} In 2015, appellant filed a petition for writ of mandamus asserting his sentence is void. We dismissed the complaint because appellant's allied-offenses argument is not cognizable in mandamus and appellant failed to comply with R.C. 2969.25. *Mitchell v. Muskingum County Common Pleas Court*, 5th Dist. Muskingum No. CT2014-0038, 2015-Ohio-1576.

{¶10} On May 15, 2015, appellant filed a "Motion to Correct Clerical Mistake Pursuant to Crim.R. 36(A)" arguing that he was found guilty of burglary [R.C. 2911.12(A)(2)] but sentenced upon aggravated burglary [R.C. 2911.11(A)(2)]. Appellant notes the sentencing entry references R.C. 2911.11. Appellant states, "* * * [he] was not convicted under the statute which he was indicted, tried, convicted, and sentence (*sic*)." Appellant moved the trial court "to correct its Judgment/Sentencing Entry to reflect the penalty consistent with the statute [he] was charged with." Appellant further argued he was convicted and sentenced upon kidnapping pursuant to R.C. 2905.01(A)(4), but the jury found him not guilty upon Count II, kidnapping with a sexual motivation. Finally, appellant argued the amount of court costs was not properly assessed in the Judgment/Sentencing Entry and moved the court to correct the "clerical mistake" of omitting the amount of court costs.

{¶11} On October 5, 2015, the trial court entered a Journal Entry stating:

* * *.

The Court finds that the Defendant's motion is correct in so much as there is a clerical mistake in the sentencing entry. The Revised Code section for Count 1 should be 2911.11(A)(2) and Count 2 should be 2905.01(A)(4). These are the section numbers used in the indictment as well as the language for these section numbers. Additionally the jury instructions reflect the same language as the indictment.

Therefore the sentencing entry is amended to indicate the correct section numbers.

* * *.

{¶12} Appellant now appeals from the trial court's Journal Entry of October 5, 2015.[1]

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE TRIAL COURT ERRED IN AMENDING THE SENTENCING ENTRY WITHOUT APPELLANT BEING PRESENT."

**ANALYSIS**

{¶15} Appellant argues he was required to be present when the trial court amended the sentencing entry. We disagree.

{¶16} Appellant argues on appeal the trial court "amended the sentencing entry outside of [his] presence and sentenced [him] on incorrect sections, violating his rights," and thereby "chang[ed] the identity of the crime" appellant was convicted of. This argument is inconsistent with his argument below, in which he acknowledged the sentencing entry reflects a different section number than that of the offense he was "indicted, tried, convicted, and sentence (*sic*)" upon, a clerical error.

{¶17} The record reflects appellant was charged with, tried upon, convicted of, and sentenced upon aggravated burglary. Count I of the indictment cites R.C. 2911.11(A)(2) and uses the statutory language.[2] Appellant's proposed jury instructions

---

[1] Appellant has also filed a Request for Issuance of a Writ of Procedendo in this Court in a separate case, CT2015-0049. In that matter, appellant seeks a writ of procedendo ordering the trial court to rule upon his motion of May 15, 2015. That matter remains pending.

[2] R.C. 2911.11(A)(2), a felony of the first degree states: "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice

filed October 30, 2006 reference aggravated burglary and track the language of R.C. 2911.11(A)(2). The jury's verdict form upon Count I states appellant was found guilty of "aggravated burglary."

{¶18} The trial court's sentencing entry misstates the Revised Code section for aggravated burglary. The sentencing entry of December 19, 2006 repeatedly references the fact that appellant was found guilty upon "aggravated burglary F/1, in violation of ORC 2911.12(A)(2) [*sic*]."[3] The inconsistency of "aggravated burglary F/1" with the cited section of burglary, a felony of the second degree [R.C. 2911.12(A)(2)], leads us to conclude the trial court's citations in the sentencing entry are clerical errors. Indeed, such was appellant's argument below.

{¶19} Appellant remains "indicted, tried, convicted, and sentence (*sic*)" upon the offense of aggravated burglary, a felony of the first degree pursuant to R.C. 2911.11(A)(2). Ohio Crim. R. 36 states, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." In *State v. Clark*, 5th Dist. Stark No. 2010CA00006, 2010-Ohio-4649, at ¶ 12, we found a nunc pro tunc entry is the proper means of correcting a clerical mistake. Id., citing *State v. Battle,* 9th Dist. Summit No. 23404, 2007-Ohio-2475

---

of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * [t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

[3] R.C. 2911.12(A)(2), a felony of the second degree, states: "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

and *State v. Gruelich*, 61 Ohio App.3d 22, 24-25, 572 N.E.2d 132 (9th Dist.1988). A nunc pro tunc entry or order is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action. Id., citing *State v. Spears,* 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10.

{¶20} A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State ex rel. Zaleski v. Cruzado,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057 (3rd Dist.2000). "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" *Cruzado,* supra, 2006-Ohio-5795 at ¶ 19, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, and *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶21} In the instant case, we conclude the trial court's references to R.C. 2911.12(A)(2) were clerical errors properly corrected by the trial court's entry of October 5, 2015.

{¶22} Appellant argues, though, he is subject to a maximum eight-year term for burglary instead of the ten-year term for aggravated burglary.  This is not a case in which the trial court increased appellant's sentence by means of a nunc pro tunc entry.  See*, State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924 [court cannot use nunc pro tunc entry to impose sanction not imposed as part of original sentence].

Appellant's original sentence was, and remains, ten years upon aggravated burglary. The amended journal entry in this case reflects what the trial court imposed at sentencing.[4]

{¶23} Appellant's presence was not required by the trial court's amendment of the entry. Defendants do have the right to be present at all critical stages of a trial, including sentencing. *State v. Hill*, 73 Ohio St.3d 433, 1995-Ohio-287, 653 N.E.2d 271. However, that right is not absolute. Id. at 444. Often courts have found that while it was an error for the defendant to have not been present, it was a harmless error. The distinction to be made is whether the proceeding is so critical that the defendant's absence results in a prejudicial error, thereby thwarting a fair and just hearing. *State v. White*, 82 Ohio St.3d 16, 26, 693 N.E.2d 772 (1998). In this case, the amendment of the sentencing entry resulted merely in correction of the statute number cited; no substantive change to appellant's sentence was made. Appellant has not demonstrated prejudice, nor do we find any in this record.

{¶24} The trial court did not err in its entry of October 5, 2015. Citation of the statute number in the sentencing entry is a mechanical part of the judgment, so "mechanical in nature" that its omission can be corrected as if it were a clerical mistake.

---

[4] Appellant has not provided a transcript of the sentencing hearing of December 11, 2006. In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). We find nothing in the record to support appellant's contention that he was sentenced upon a different offense than that which he was convicted of. Without a transcript, we must presume the regularity of the trial court's proceedings. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2. App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

*Miller*, supra, 2010-Ohio-5705 at ¶ 16, citing *Londrico v. Delores C. Knowlton, Inc.*, 88

Ohio App.3d 282, 285, 623 N.E.2d 723 (9th Dist.1993)*.*

{¶25} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶26} Appellant's sole assignment of error is overruled and the judgment of the

Muskingum County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Farmer, P.J.

Baldwin, J., concur.