[Cite as *State v. Anderson*, 2017-Ohio-7803.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :            CASE NO.   CA2017-05-065

                                        :            <u>D E C I S I O N</u>
- vs -                                                      9/25/2017

                                        :

DAMIAN B. ANDERSON,                     :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-12-1789


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Engel & Martin, LLC, Mary K. Martin, 4460 Duke Drive, Suite 101, Mason, Ohio 45040, for defendant-appellant


**Per Curiam.**

{¶ 1}   This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon the briefs filed by counsel, oral argument having been waived.

{¶ 2}   Counsel for appellant, Damian B. Anderson, has filed a brief with this court

pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," *Anders* at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶ 3} Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. However, the court has found a clerical error in the May 2, 2017 judgment of conviction entry that should be corrected.

{¶ 4} The judgment of conviction entry improperly designates appellant's robbery conviction as to Count One as a third-degree felony. Appellant in fact entered a plea to robbery as a second-degree felony, and was sentenced accordingly. Aside from the judgment of conviction entry, the record reflects that there was no question in the mind of appellant, counsel, or the court that the plea was to robbery as a second-degree felony. A clerical error may be corrected at any time. *State v. Mitchell*, 5th Dist. Muskingum No. C.T. 2015-0055, 2016-Ohio-5149. A nunc pro tunc entry is a proper means of correcting a clerical mistake. *Id.*

{¶ 5} Based upon the foregoing, the court makes the following orders: the motion of counsel for appellant requesting withdrawal is GRANTED. This cause is hereby reversed and remanded to the Butler County Court of Common Pleas with instructions to file a nunc pro tunc judgment of conviction entry indicating that appellant was convicted of robbery, a

second-degree felony. Appellant's convictions and sentences are affirmed in all other respects.

S. POWELL, P.J., PIPER and M. POWELL, JJ., concur.