[Cite as *State v. Mitchell*, 2017-Ohio-8213.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2017-0035 |
| CHARLES A. MITCHELL | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Common Pleas Court, Case No. CR 2006-0187 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 13, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

CHARLES A. MITCHELL, PRO SE
#A538-633
Toledo Correctional Institution
2001 E. Central Ave.
P.O. Box 80033
Toledo, Ohio 43608

By: GERALD V. ANDERSON, II.
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, P.J.*

{¶1} Defendant-appellant Charles A. Mitchell appeals the May 5, 2017 Entry entered by the Muskingum County Court of Common Pleas, which denied his motion for resentencing. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On July 7, 2006, the Muskingum County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of kidnapping with a sexual motivation specification and a sexually violent predator specification, in violation of R.C. 2905.01(A)(4), a felony of the first degree; and four counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree. The charges arose from an incident involving Appellant's ex-wife.

{¶3} The matter proceeded to a two day jury trial on October 31, and November 1, 2006. The jury found Appellant guilty on Counts I and II, aggravated burglary and kidnapping, and not guilty on the four counts of rape. The jury also found Appellant not guilty of the sexual motivation specification and sexually violent predator specification of Count II.

{¶4} On December 11, 2006, the trial court sentenced Appellant to a prison term of ten years on Count I, and a prison term of ten years on Count II. The trial court ordered the sentences be served consecutively.

{¶5} Appellant filed a direct appeal in *State v. Mitchell,* 5th Dist. Muskingum No. CT2006–0090, 2007–Ohio–5519, appeal not allowed, 117 Ohio St.3d 1424, 2008–Ohio–969, in which he raised seven assignments of error, including the jury's verdict was

inconsistent; the trial court allowed an "inherently confusing [verdict] form" upon Count II; the trial court erred in allowing testimony of Appellant's misdemeanor criminal history; the trial court erred in dismissing a juror; the verdicts are against the sufficiency and manifest weight of the evidence; the trial court erred in imposing consecutive maximum sentences; and the trial court abused its discretion in sentencing. This Court overruled each of Appellant's assignments of error and the Ohio Supreme Court declined review. *Id.*

{¶6} Appellant filed a motion to reopen his appeal, which this Court granted. Appellant raised an additional seven assignments of error, including a deficient indictment omitting the mens rea; an inconsistent verdict violative of double jeopardy; manifest weight and sufficiency of the evidence; sentencing upon allied offenses; ineffective assistance of trial and appellate counsel; insufficient findings for maximum consecutive prison terms; and cumulative error. We overruled all of the assignments of error, and affirmed his convictions and sentences; the Ohio Supreme Court again declined review. *State v. Mitchell,* 5th Dist. Muskingum No. CT2006–0090, 2009–Ohio–5251, appeal not allowed, 124 Ohio St.3d 1476, 2010–Ohio–354.

{¶7} Appellant filed a federal habeas corpus action, which was subsequently dismissed. *Mitchell v. Smith,* S.D.Ohio No. 2:10–CV–299, 2011 WL 3440093, *1 (Aug. 8, 2011). Thereafter, on September 12, 2014, Appellant filed a petition for writ of mandamus, asserting his sentence was void. This Court dismissed the petition, finding Appellant's allied-offenses argument was not cognizable in mandamus and Appellant failed to comply with R.C. 2969.25. *Mitchell v. Muskingum County Common Pleas Court,* 5th Dist. Muskingum No. CT2014–0038, 2015–Ohio–1576.

**{¶8}**  On May 15, 2015, Appellant filed a "Motion to Correct Clerical Mistake Pursuant to Crim.R. 36(A)", arguing he was found guilty of burglary, R.C. 2911.12(A)(2), but sentenced on aggravated burglary, R.C. 2911.11(A)(2). Appellant noted the sentencing entry referenced R.C. 2911.11. Appellant stated, " * * * [he] was not convicted under the statute which he was indicted, tried, convicted, and sentence (*sic* )." Appellant moved the trial court "to correct its Judgment/Sentencing Entry to reflect the penalty consistent with the statute [he] was charged with." Appellant further argued he was convicted and sentenced on kidnapping pursuant to R.C. 2905.01(A)(4), but the jury found him not guilty upon Count II, kidnapping with a sexual motivation. Finally, appellant argued the amount of court costs was not properly assessed in the Judgment/Sentencing Entry and moved the court to correct the "clerical mistake" of omitting the amount of court costs.

**{¶9}**  Via Journal Entry filed October 5, 2015, the trial court found:

> * * * the Defendant's motion is correct in so much as there is a clerical mistake in the sentencing entry. The Revised Code section for Count 1 should be 2911.11(A)(2) and Count 2 should be 2905.01(A)(4). These are the section numbers used in the indictment as well as the language for these section numbers. Additionally the jury instructions reflect the same language as the indictment.

> Therefore the sentencing entry is amended to indicate the correct section numbers.

{¶10} Appellant appealed, arguing the trial court violated his rights by amending the sentencing entry outside of his presence and by sentencing him on incorrect sections. This Court overruled Appellant's assignment of error and affirmed the trial court. *State v. Mitchell*, 5th Dist. Muskingum No. CT2015–0055, 2016 -Ohio- 5149.  We denied Appellant's subsequent motion for reconsideration.

{¶11} On April 26, 2017, Appellant filed a motion pursuant to Crim. R. 36(A), asserting the October 5, 2015 Journal Entry convicted him of rape when he had been acquitted of those charges.  Via Entry filed May 5, 2017, the trial court denied Appellant's motion, finding such was an untimely and a successive petition for post-conviction relief.

{¶12} It is from this entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT THE RIGHT TO A NEW SENTENCING ENTRY THAT EXONERATES THE APPELLANT OF ALL RAPE (RELATED) CHARGES.  2905.01(a)(4)  [sic] CHARGES THE APPELLANT WITH RAPE.

I.

{¶13} Herein, Appellant challenges the trial court's denial of his motion for resentencing.

{¶14} The trial court considered Appellant's motion for resentencing as a petition for post-conviction relief.  R.C. 2953.21; *State v. Reynolds (1997)*, 79 Ohio St.3d 158,

679 N.E.2d 1132. In *Reynolds*, the Court stated, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21. *Id.* at 160; *State v. Wofford*, 5th Dist. Stark No. 2016CA00087, 2016–Ohio–4628, ¶ 15.

{¶15} A trial court may not entertain an untimely or successive petition for post-conviction relief unless the petitioner "initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *State v. Chavis,* 10th Dist. No. 15AP–557, 2015–Ohio–5549, ¶ 9, citing R.C. 2953.23(A)(1)(a). Further, "[i]f the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b). The time period defined under R.C. 2953.21(A)(2) "is jurisdictional," and unless a defendant makes the showings required by R.C. 2953.23(A), a trial court lacks jurisdiction to consider either an untimely or a successive petition for post-conviction relief. *State v. Norris,* 7th Dist. No. 11 MO 4, 2013–Ohio–866, ¶ 10.

{¶16} In the instant case, Appellant failed to demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1). Additionally, Appellant failed to demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense. R.C. 2953.23(A)(2).

Without that showing, the trial court was without authority to entertain the petition. *State v. Johnson*, 5th Dist. Delaware No. 16CAA030011, 2016–Ohio–4617, ¶ 27.

{¶17} Moreover, res judicata applies to bar claims raised in successive post-conviction relief petitions or in motions to withdraw a guilty plea that could have been raised in the first post-conviction relief petition or motion to withdraw a guilty plea. *State v. Gallegos–Martinez*, 5th Dist. Delaware No. 10–CAA–06–0043, 2010–Ohio–6463, ¶ 12. Appellant has raised the same issue in both motions to withdraw his pleas of guilty, and the issue is therefore barred by res judicata.

{¶18} Appellant's sole assignment of error is overruled.

{¶19} The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur