[Cite as *State v. King*, 2020-Ohio-1373.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOSHUA L. KING | : | Case No. 2019 CA 00083 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 17 CR 0596


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                April 7, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RACHEL M. TIMONERI                        PATRICK T. CLARK
20 South Second Street                    250 East Broad Street
Fourth Floor                             Suite 1400
Newark, OH  43055                        Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Joshua L. King, appeals the August 14, 2019 judgment entry of the Court of Common Pleas of Licking County, Ohio denying his petition for postconviction relief.   Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 13, 2017, the Licking County Grand Jury indicted appellant on one count of rape of a person under ten years of age in violation of R.C. 2907.02.   Appellant rejected a plea deal: rape by force removing the victim's age for a flat ten years in prison. Appellant waived his right to a jury trial.

{¶ 3}   A bench trial commenced on February 13, 2018.   By judgment of conviction and sentence filed February 14, 2018, the trial court found appellant guilty and sentenced him to fifteen years to life in prison.   His conviction and sentence were affirmed on appeal. *State v. King,* 5th Dist. Licking No. 18-CA-19, 2019-Ohio-1100.

{¶ 4}   On May 24, 2019, appellant filed a petition for postconviction relief, claiming he was denied the effective assistance of counsel because his counsel failed to communicate the risks of going to trial given appellant's intellectual disability and low IQ. Attached to the petition were appellant's affidavit and a psychological report by Naeem U. Khan, Ph.D.  By judgment entry filed August 14, 2019, the trial court denied the petition without holding a hearing.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED A HEARING ON JOSHUA'S POSTCONVICTION PETITION BASED ON FINDINGS MADE ABOUT THE CREDIBILITY OF JOSHUA'S AFFIDAVIT."

I

{¶ 7}   In his sole assignment of error, appellant claims the trial court erred in denying his petition for postconviction relief without holding a hearing.  We disagree.

{¶ 8}   A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court.  *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9}   R.C. 2953.21 governs petition for postconviction relief.   Subsection (D) states the following in pertinent part:

Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the

journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 10} In *State v. Jackson,* 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980), the Supreme Court of Ohio held the following:

Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.

Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

{¶ 11} It is up to the trial court to judge the credibility of any affidavits presented. *State v. Calhoun,* 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). In assessing the credibility of an affidavit, a trial court should consider relevant factors including "whether the judge reviewing the postconviction relief petition also presided at the trial." *Id.* at 285, citing *State v. Moore,* 99 Ohio App.3d 748, 651 N.E.2d 1319 (1st Dist.1994).

{¶ 12} In his petition at page 2, appellant claimed his rights were violated due to ineffective assistance of trial counsel causing him to reject his plea deal and go to trial:

Because Joshua's trial counsel did not adequately accommodate his disability [intellectual deficit] during plea counseling, the State's offer was not presented in a way that allowed Joshua to comprehend the benefits of pleading guilty.  Counsel's ineffective conveyance of plea advice led to Joshua's decision to reject the State's offer.  *Lafler v. Cooper,* 566 U.S. 156, 160, 132 S.Ct. 1376, 182 L.Ed.2d 389 (2012).  Had trial counsel accommodated Joshua's disability when counseling him on his plea, there is a reasonable probability that Joshua would have agreed to the terms of the plea and that this Court would have accepted it.

{¶ 13} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 14} "On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent." *Calhoun, supra* at 289.

{¶ 15} In support of his petition, appellant attached his own affidavit and a psychological report by Naeem U. Khan, Ph.D. Dr. Khan interviewed appellant for four hours, and also interviewed appellant's mother, his primary care provider during his developmental period, for about four hours. Dr. Khan also conducted several psychological and intelligence tests. In his report at pages 13-14, Dr. Khan stated the following:

The intellectual and cognitive limitations determined and detailed in the exhaustive sections on Intelligence Testing above (pages 6-10) prove with high psychological certainty and without doubt doubt (sic) that Joshua King is exceeded by 99 percent of his age peers in the amount of intellectual capacity and power. With an IQ of 67, it is certain that he has grossly deficient ability to understand the complete concept and consequences of plea bargaining down to a lesser charge to obtain a lesser punishment while waiving his constitutional rights that such plea entail[s]. In the absence of

specialized and simplified, elemental coaching, counseling and counsel, it is certain that Joshua King was not able to weigh down his thought and decision making.

{¶ 16} Dr. Khan concluded at pages 14-15:

Due to sufficient and gross deficiencies in intelligence and processing it is doubtful beyond psychological certitude that he would have understood the concept and process of plea bargaining or have the competence to make the "reasoned choice" which is essential to the validity of a plea of guilty and the waiver of constitutional rights such a plea entails.

{¶ 17} In his affidavit, appellant averred that his defense counsel told him the plea deal was in his best interest and told him who he expected to testify, but "did not talk to me about what they would say. He did not role pla[y] to show me what their testimony might look like."

{¶ 18} In support of his arguments to the trial court, appellant cited the case of *Lafler v. Cooper,* 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 389 (2012). In *Lafler* at paragraph one of its holding, the United States Supreme Court held the following:

Where counsel's ineffective advice led to an offer's rejection, and where the prejudice alleged is having to stand trial, a defendant must show that but for the ineffective advice, there is a reasonable probability that the

plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed.

{¶ 19} In *Lafler,* defense counsel advised the defendant to reject the plea deal and go to trial. In the case sub judice, as acknowledged by appellant's affidavit, defense counsel advised appellant to take the plea deal, that the plea deal was in his best interest, but appellant chose to reject the plea deal and go to trial.

{¶ 20} In its August 14, 2019 judgment entry denying appellant's petition, the trial court noted appellant did not argue "that he was incompetent to stand trial, nor does there appear to be any reason to believe defendant was not competent to stand trial." The trial court acknowledged the psychological report and appellant's affidavit, and stated the following:

Defendant offers nothing but his self-serving affidavit to suggest his attorney did not adequately counsel him concerning the plea offer and trial evidence. There is nothing to suggest counsel's representation fell below an objective standard of reasonableness or (sic) overcome the presumption of counsel's competence. There is nothing in the record that suggests defendant did not understand the consequences of rejecting the plea offer and going to trial.

{¶ 21} Prior to trial, the trial court asked appellant about his desire to reject the plea deal and proceed to trial without a jury.   The prosecutor set forth the plea deal on the record, defense counsel agreed that was the deal, and appellant acknowledged that he was rejecting the deal.  February 13, 2018 T. at 7-8.  Appellant did not have any questions regarding the deal.  *Id.* at 8.  At no time during the trial or in his direct appeal did appellant raise the issue of his intellectual ability or inability to understand the proceedings.

{¶ 22} The trial judge who reviewed appellant's postconviction relief petition was the same judge who presided over the bench trial and subsequent sentencing.  Appellant testified at the trial and the trial judge was able to assess his intellectual abilities firsthand. "[T]he trial judge was familiar with the underlying proceedings and was in the best position to observe the defendant and his attorney" and therefore assess the credibility of his affidavit.  *Calhoun, supra* at 286.

{¶ 23} Appellant's affidavit itself provides no information that defense counsel's performance fell below an objective standard of reasonable representation.  Appellant wants the trial court to find that his level of competency was such that his trial counsel had to make extraordinary efforts to ensure that he understood the plea offer.  Appellant is either competent to enter a plea or he is not.  The trial court correctly found that the psychological report did not challenge appellant's competency to enter into a plea.  Trial counsel's representation is presumed to be competent.  The trial court had the opportunity to personally address appellant regarding the plea deal and observe him during the trial.

{¶ 24} The trial court, in its discretion, did not find "sufficient operative facts" to demonstrate the need for an evidentiary hearing.  The trial court found trial counsel did not fall below the objective level of competence nor was appellant prejudiced.

{¶ 25} Upon review, we find the trial court did not abuse its discretion in not holding an evidentiary hearing and in denying appellant's petition for postconviction relief.

{¶ 26} The sole assignment of error is denied.

{¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/db