[Cite as *State v. McClure*, 2024-Ohio-2618.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHAZ MCCLURE | : | Case No. CT 2023-0090 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. CR2022-0296

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 8, 2024

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOSEPH A. PALMER            ERIC J. ALLEN
27 North Fifth Street            1200 Regent Street
Zanesville, OH 43702            Suite 200
                                       Columbus, OH 43219

*King, J.*

{¶ 1}  Defendant-Appellant Chaz McClure appeals the September 8, 2023 judgment of the Muskingum County Court of Common Pleas which denied McClure's petition for post-conviction relief without a hearing. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   On June 29, 2022, a prosecutor's bill of information charged McClure with two counts of pandering obscenity, felonies of the second degree.

{¶ 3}   Also on June 29, 2022, McClure and his attorney executed a Waiver and Plea of Guilty to Prosecutor's Bill of Information. The plea hearing included this case and a separate Muskingum County case involving a minor misdemeanor drug charge, one count of falsification, a misdemeanor of the first degree, and one count of having weapons under disability, a felony of the third degree. The parties jointly agreed to a sentencing recommendation of 15 years for both cases, with a stipulation to the findings necessary for the imposition of consecutive sentences. The parties further stipulated that the counts did not merge for sentencing. McClure waived the preparation of a pre-sentence investigation report and agreed to proceed to sentencing. *State v. McClure*, 2023-Ohio-828, (5th Dist.) ¶ 4-5.

{¶ 4}   The trial court accepted McClure's guilty pleas, found him guilty, and imposed an aggregate sentence in both cases of 15 to 18 ½ years. *Id.* ¶ 6.

{¶ 5}   McClure filed an appeal arguing the trial court erred in accepting his pleas without further inquiry when during the plea colloquy, he indicated to the trial court that he was "holding back."  *Id.* ¶ 14. On March 16, 2023, we overruled McClure's sole

assignment of error finding "trial court conducted the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that an extensive colloquy occurred, and that the trial court accepted McClure's plea and properly proceeded to sentencing." *Id*, ¶ 17.

{¶ 6}   On May 1, 2023, McClure filed a Memorandum in Support of Jurisdiction with the Supreme Court of Ohio. The Court declined jurisdiction on July 18, 2023.

{¶ 7}   On June 13, 2023, McClure filed a motion to reopen his direct appeal. This court denied the motion on August 1, 2023.

{¶ 8}   On August 17, 2023, McClure filed a motion for post-conviction relief in the trial court. The state filed its response on August 30, 2023. By judgment entry filed September 8, 2023, the trial court denied McClure's petition without a hearing.

{¶ 9}   McClure filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 10} "THE TRIAL COURT ERRED WHEN IT DENIED THE POST CONVICTION PETITION FILED BY THE APPELLANT."

II

{¶ 11} "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING.

I, II

{¶ 12} Because they are interrelated, we address McClure's assignments of error together. In these assignments of error, McClure argues the trial court erred in denying his motion for post-conviction relief without a hearing. Specifically, he argues his trial counsel rendered ineffective assistance by failing to file a motion to suppress and by failing to request discovery.

Applicable Law

{¶ 13} When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines the files and records of the case show the petitioner is not entitled to relief. R.C. 2953.21(F). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk, 1996-Ohio-337. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at 95. *State v. Weaver*, 2018-Ohio-2509 (5th Dist.) ¶17 appeal not allowed, *State v. Weaver*, 2018-Ohio-4285.

{¶ 14} A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is within the sound discretion of the trial court. *State v. King*, 2020-Ohio-1373 (5th Dist.) ¶8 citing *State v. McKelton*, 2015-Ohio-4228 (12th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no

sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 15} Additionally, a petitioner must support his claims with evidentiary-quality documents. In *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980), the Supreme Court of Ohio held the following:

> Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.
>
> Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

{¶ 16} It is within the purview of the trial court to judge the credibility of any affidavits presented. *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999). In assessing the credibility of an affidavit, a trial court should consider relevant factors including "whether

the judge reviewing the postconviction relief petition also presided at the trial." *Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748 (1st Dist.1994).

{¶ 17} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 18} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, at 694. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 2014-Ohio-5544, ¶ 18 (8th Dist.).

### McClure's Arguments

{¶ 19} McClure argues his trial counsel should have filed a motion for discovery and further argues "counsel did not review any discovery save [for] two videos taken from appellant's home." Brief of Appellant at 5. He further argues counsel should have filed a motion to suppress because the judge who signed the warrant was the same judge who handled the plea and sentencing.

{¶ 20} First, the issues McClure complains of existed at the time of his plea. He therefore could have raised these issues in a direct appeal. As the Supreme Court of Ohio has held:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶ 21} *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 22} Because McClure could have raised his complaints in a direct appeal, the trial court did not err in denying McClure's petition without a hearing.

{¶ 23} Second, even if that were not true, the trial court still committed no error as McClure failed to support his petition with evidentiary-quality documents. Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, petitioner bears the initial burden to submit evidentiary quality materials containing sufficient operative facts which demonstrate a substantial violation of any of trial counsel's essential duties, in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368 (5th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999). The failure to present essential operative facts in supporting evidentiary-quality materials warrants dismissal of the petition for post-

conviction relief without a hearing. *State v. Murphy*, 1987 WL 19835 (5th Dist., Oct. 29, 1987).

{¶ 24} McClure's supporting documentation consisted only of his own self-serving affidavit and an affidavit from his mother. His mother's affidavit essentially stated McClure's counsel advised a plea to the bill of information would circumvent additional charges being filed against McClure, but accused McClure's counsel of not doing enough for her son. A petitioner's self-serving affidavit generally does not meet his required minimum level of cogency. *State v. Kapper*, 5 Ohio St.3d 36 (1983). Neither McClure's affidavit nor his mother's demonstrate a substantial violation of his trial counsel's essential duty, nor do they demonstrate prejudice arising from that ineffectiveness.

{¶ 25} We conclude McClure's claims are barred by the doctrine of res judicata, and even if they were not, the affidavits, documentary evidence, files, and the records do not demonstrate McClure set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, the trial court properly denied McClure's petition for post-conviction relief without holding an evidentiary hearing. McClure's assignments of error are therefore overruled.

{¶ 26} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Wise, J. concur.